**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| WILLIAM ROBERT PILKEY, | : | |
|  | : | Civil Action |
| Plaintiff, | : | 05-5419 (JBS) |
|  | : | |
| v. | : | **O P I N I O N** |
|  | : | |
| JOHN NASH, et al., | : | |
|  | : | |
| Defendants. | : | |

**APPEARANCES:**

    WILLIAM ROBERT PILKEY, pro se
    #06633-081
    Federal Prison Camp
    1900 Simler Avenue
    Big Springs, Texas 79720

**SIMANDLE, District Judge**:

    Plaintiff William Robert Pilkey (hereinafter "Plaintiff") currently confined at the Federal Prison Camp, Big Springs, Texas, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. At the time this Complaint was submitted, Mr. Pilkey was confined at FCI Fort Dix in this District, and this Complaint concerns his participation in the Inmate Financial Responsibility Program at FCI Fort Dix. Plaintiff submitted his (1) affidavit of indigence and institutional account statement pursuant to 28 U.S.C. § 1915(a) (1998); (2) his complaint

(hereinafter "Complaint"); (3) a memorandum of law (hereinafter "Memorandum"); and (4) various attachments and exhibits. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), as of the date of this Opinion and accompanying Order, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint. After thoroughly examining Plaintiff's submission, this Court dismisses Plaintiff's Complaint.

Plaintiff's Complaint alleges that the collections made by Defendants for the Inmate Financial Responsibility Program were "extortions" since Plaintiff's dues were increased from $30.00 to $50.00 to $75.00.[1]  See Compl. at 2-4. Plaintiff expressly states that Plaintiff's filing with this Court is executed solely for the purpose of filing a criminal complaint, since Plaintiff: (1) "prefers criminal prosecution rather than [a c]ivil [r]edress," id. at 4, and (2) "is asking the Court to charge [Defendants] with

---

[1] It appears that, on April 4, 2004, Plaintiff sent a letter to the Office of United States Attorney General (1) advising the Attorney General of the Plaintiff's current claim, (demanding "fine and restitution" in the amount of $29,000, and (3) concluding the letter with request "to report and investigate all complaints where government employees/officers commit crime."  Ex. II (capitalization removed) (hereinafter "Plaintiff's Letter").  In response to Plaintiff's Letter, Plaintiff apparently received a letter from Warden John Nash which stated that Plaintiff's collections were increased in accordance with the Financial Responsibility Program during the period when Inmate Plaintiff's six-month Trust Fund Account balance was $2,684.85.  See Ex. III. (Letter of Warden Nash (Oct. 21, 2004)).

[c]onspiracy and [e]xtortion." Mem. at 14, 16; see also id. at 17 ("Plaintiff is asking the Court to bring criminal charges against [Defendants]"). In no ambiguous terms, Plaintiff states that "[i]t is [his] choice to pursue criminal prosecution[] rather than [a] civil redress." Ex. I.

## DISCUSSION

It appears that Plaintiff is of impression that this Court has authority to act as an agent of Plaintiff for the purpose of bringing criminal charges on behalf of Plaintiff against Defendants. See Compl. at 6 ("[t]he Court has jurisdiction to [grant the relief] because the crime . . . was committed . . . at F.C.I. Fort Dix[,] and . . . Plaintiff is a federal prisoner.") Plaintiff errs. The Court has no authority to grant Plaintiff's request to have "charges brought up" against Defendants. That is the function of a prosecutor.

A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." See Collyer v. Darling, 98 F.3d 211, 222 (6th Cir. 1996); Mercer v. Lexington Fayette Urban County Gov't., 52 F.3d 325 (6th Cir. 1995); Forney v. Woodridge Hosp. & Johnson City Med. Ctr., 2005 U.S. Dist. LEXIS 37257, at *6 (E.D. Tenn. Sept. 14, 2005); see also United States ex rel. Savage v. Arnold, 403 F. Supp. 172 (E.D. Pa. 1975) (stating that a private party cannot, on his own, commence a criminal

proceeding for failure to meet to comply with the requirements of Rules 3 and 4 of the Rules of Criminal Procedure and citing United States v. Blierley, 331 F. Supp. 1182 (W.D. Pa. 1971); Brown v. Duggan, 329 F. Supp. 207 (W.D. Pa. 1971); United States ex rel. Spader v. Wilentz, 25 F.R.D. 492 (D.N.J), aff'd, 280 F.2d 422 (3d Cir.), cert. denied 364 U.S. 875 (1960)).

Plaintiff, a private citizen, is without authority to prosecute criminal charges, see United States v. Jarvis, 560 F.2d 494, 497 (2d Cir. 1977); Pokalsky v. SEPTA, 2002 U.S. Dist. LEXIS 16175 (E.D. Pa. Aug. 28, 2002); In re Guyer, 1996 U.S. Dist. LEXIS 17807, at *1 (E.D. Pa. 1996); United States v. Leomporra, 1995 U.S. Dist. LEXIS 15007, at *1 (E.D. Pa. 1995); Figueroa v. Clark, 810 F. Supp. 613, 615 (E.D. Pa. 1992); Bryant v. City of Phila., 1990 U.S. Dist. LEXIS 7132, at *6 n.1 (E.D. Pa. 1990); Comer v. Philadelphia County, 1987 U.S. Dist. LEXIS 1775, at *4 (E.D. Pa. 1987); United States ex rel. Savage v. Arnold, 403 F. Supp. 172, 174 (E.D. Pa. 1975); United States v. Panza, 381 F. Supp. 1133, 1134 (W.D. Pa. 1974), and this Court is without authority to do so on Plaintiff's behalf, since

> [i]t is well established that private citizens can neither bring a direct criminal action against another person *nor can they petition the federal courts to compel the criminal prosecution of another person.* See Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987). Accordingly, the district court [is obligated to] refus[e] fil[ing]

>     criminal charges or . . . compel[ing] prosecution based
>     on those charges.

Ellen v. Stamm, 1991 U.S. App. LEXIS 30558 (9th Cir. Dec. 19, 1991) (emphasis supplied), cert. denied, Montalvo v. Stamm, 506 U.S. 1047 (1993).

### **CONCLUSION**

For the foregoing reasons, Plaintiff's application to proceed in forma pauperis is hereby GRANTED.  Plaintiff's Complaint is DISMISSED for failure to state a claim upon whih relief my be granted.

An appropriate Order accompanies this Opinion.


                                     s/ Jerome B. Simandle
                                  **JEROME B. SIMANDLE**
                               **UNITED STATES DISTRICT JUDGE**


Date: **June 26, 2006**